# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Minister Miykael Muhammad and the
united States of America ex rel
Michael Gardner
Plaintiff

vs.

Brian Farber
University of Illinois Urbana Champaign
Robert Easter
Phyllis Wise

Defendant/s

case # 14-CV-2059

FILED
MAR 31 2014
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

Judge
All rights reserved
Trial by Jury Demanded

**COMPLAINT SUIT FOR TITLE 42 U.S.C § 1983, TITLE 42 U.S.C §1985, TITLE 42 U.S.C §1986, & TITLE 28 U.S.C § 1343, CONSPIRACY, CONSPIRACY TO DEPRIVE CIVIL AND CONSTITUTIONAL RIGHTS, VIOLATION OF OATH OF OFFICE, MALFEASANCE, NONFEASANCE & OTHER LAWS BROKEN**

This is an action by the Plaintiff against State agents acting under color of law for Civil rights violations involving wrongful arrest, unlawful search and seizure, criminal trespass, criminal conspiracy, deprivation of rights under color of law, negligence, malfeasance, fraud, theft of private property, and unlawful arrest with other violations that will be discovered throughout this case as this court may reveal.

At all times relevant herein the Defendants, employed as State, County, and/or City municipal agents/officers acting under color of law and outside the scope of their jurisdiction and authority, willfully caused Plaintiff a damage and physical injury, and in so doing, violated clearly established law, as those laws apply to Plaintiff's rights protected under the Constitution, particularly under the 4th, 5th, 6th, 9th, 13th, and 14th Amendments.

Be it known that each of the state actors herein are employed under someone's sworn and subscribed "oath of office" to uphold the constitution of the United States or Illinois in regards, to their duties and therefore each of their acts under "color" of state law is in direct violation of their oath of office and equates to CRIMINAL CONSPIRACY under section 1985. Defendants and other unknown officers as partners or in concert actions are without substance and legal right.

This Plaintiff would like to invoke the decisions of HAINES V. KERNER (1972) 404 US where the words of a Pro Se litigant are liberally construed and held to less rigorous standards (see Elliot v. Bronson (1989, CA Conn) 872 F2d 20.) than pleadings drafted by lawyers and dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him to relief. We also invoke the decision of SANNER V. THE BOARD OF TRADE 62F .3d 918, 925 (7th Cir.1995) as a PLAINTIFF. In Sanner all well pleaded facts made by a plaintiff are accepted with a sort of deference in a case.

1. This action is brought pursuant to TITLE 42 USC 1983, TITLE 42 USC 1985, & TITLE 42 USC 1986; The First Amendment, Fourth Amendment, Fifth Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, and Fourteenth Amendment as well as Article I, §10 to the Constitution of the United States of America, and the Civil rights Act of 1871/ 1964/ 1968/ 1987/ & 1991. After reviewing the record in his name in 2013 Petitioner Michael Gardner has recently discovered fraudulent concealment, fraud, and conspiracy, defamation of character, and brings suit against Defendants the University of Illinois Police Department, in concert with the University of Illinois, Nameka Bates, Brian Farber, and Natalie Davis as individuals and in their official capacities for committing and not limited to the following violations while acting under color of law: conspiracy to violate rights, violation of constitutional rights, constructive fraud, discrimination, loss to his business, intentional infliction of emotional stress, and more. Other defendant John and Jane Does will be revealed as this case progresses. Petitioner is under reasonable expectation that he as an American Man created by God has rights.

I. JURISDICTION AND VENUE

II. Plaintiff evokes the jurisdiction of this court pursuant to 28 U.S.C §1331, Federal Question as well as Article III Section § 2 of the Constitution of the United States. Violations of defendants were all committed within the geographic jurisdiction of the United States District Court Central District of Illinois.

III. PARTIES

A. PLAINTIFF

*Minister Miykael Muhammad exRel (through involuntary servitude)*

Michael Gardner, (hereinafter Gardner or plaintiff) is One of We the People, an indigenous inhabitant traveler in one of these several states of the united States of America called Illinois and at all times relevant in this case is the injured party and private owner of genetic, spiritual, and intellectual property in representation of himself.

B. DEFENDANTS

1. Defendant University of Illinois (hereinafter UIUC) at all times relevant to this complaint is believed to be an educational institution of the corporate State of Illinois with its campus located in Champaign County. UIUC is responsible for compensating, enriching, rewarding, and making policy for Defendant officers and personnel is being sued as a person in its official and individual capacity.

2. Defendant Brian Farber (hereinafter Farber) is the person whom signed for and neglectfully allowed unlawful entry into the plaintiff's private life, possession of private genetic properties without consent, private spiritual property, private financial accounts, and intellectual property. Farber is also the person whom neglected to protect the rights of the plaintiff as well as the constitution of the United States of America and unreasonably asked for plaintiff's rights to due process be violated on several occasions. Farber is also a co-conspirator with Bates, Davis, UIUC, and UIUC PD by knowingly allowing the unlawful and unreasonable segregation of Gardner from the geographic area of UIUC in a discriminatory manner in violation of the 4th, 5th, 6th, 14th amendments to the constitution of the United States. Defendant Farber also stores defaming records of information that is used to demean the character of Gardner and harass him.

3. Defendant Robert Easter is the President of the University of Illinois (hereinafter UIUC) at all times relevant to this complaint is believed to be the Head supervising agent of an educational institution of the corporate State of Illinois with its campus located in Champaign County. Easter is responsible for the training of Brian Farber and UIUC is responsible for compensating, enriching, rewarding, and making policy for Defendant agents and personnel is being sued as a person in its official and individual capacity.

4. Defendant Phyllis Wise is the Vice Chancellor of the University of Illinois (hereinafter UIUC) at all times relevant to this complaint is believed to be the more direct supervising agent of an educational institution of the corporate State of Illinois with its campus located in Champaign County. Easter is responsible for the training of Brian Farber and UIUC is responsible for compensating, enriching, rewarding, and making policy for Defendant agents and personnel is being sued as a person in its official and individual capacity.

COMPLAINT

1. January 2014 Plaintiff Michael Gardner recently discovered the fraudulent concealment that the University of Illinois Police broke into his bank account without a sworn and subscribed warrant signed by a judge or grand jury and trespassed upon the plaintiff's privacy. Later employees acting under color of law

consistently trespassed into the private life of the plaintiff and unreasonably segregated him from University of Illinois population and property without due process, a sworn and subscribed warrant from a competent judge, a grand jury indictment, probable cause, or reasonable suspicion. All counts of this complaint herein are subject to tolling against statute of limitation because the actions in deprivation of Gardner's rights were done under fraud and fraudulent concealment.

DEPRIVATION COMPLAINT AGAINST DEFENDANT BRIAN FARBER

2. February 24, 2014 Defendant Brian Farber, under the direct supervision of Robert Easter and Phyllis Wise, deprived Michael Gardner of his rights under the Freedom of Information Act (FOIA), the Family Educational Records Protection Act (FERPA), and the Illinois S Student Records Act (ISSRA) when he refused a direct request to provide copies of information in the plaintiff's record that the plaintiff demanded.
3. January 9, 2014 Defendant Brian Farber once again refused a request to remove an unreasonable hold on Plaintiff Gardner's account which is discriminatory in practice because there is no reason for the hold and the hold causes the plaintiff intentional infliction of emotional distress as well as defames his character when applying for scholarships and there is a disciplinary hold on his student account. Gardner is not a student of Brian Farber's UIUC but is a current Master degree candidate at the University of Illinois at Springfield.
4. August 26, 2013 Defendant Brian Farber caused Plaintiff Michael Gardner to suffer the damage of missing out in enrolling for school for the semester due to the disciplinary hold that he unreasonably places on his University of Illinois account. Plaintiff Gardner missed an entire semester of his life due to the discrimination that Defendant Farber does without due process. Brian Farber has been asked on many occasions to remove the hold on Gardner's record and has refused permanent removal without just cause or due process of law.
5. Between the years 2006 through 2014 Brian Farber has wrongfully and unreasonably caused defendant Gardner undue hardship through, discrimination, harassment, and cruel and unusual punishment by blocking his right to life through the pursuit of happiness through education by keeping a hold on his student account permanently, which is not equal protection as Farber does not perform the same barriers for all students such as wealthy or Anglo descended students called White.
6. Defendant's Robert Easter and Phyllis Wise are responsible for the damages and injuries that Defendant Brian Farber has caused Plaintiff Gardner by allowing the unreasonable policy and practices of Farber to continue after they as his supervisors have reviewed said policies and signed off on them.

I. PRAYER FOR REMEDIES

A. ENTER A PRELIMINARY INJUNCTION RESTRAINING AND ENJOINING THE DEFENDANTS FROM UNDERTAKING, ENFORCING, MAINTAINING, OR ADOPTING POLICIES AND PROCEDURES AND PRACTICES OR ACTS ORDERING GARDNER IN ANY RESTRICTIVE WAYS IN POWER. ENTER A WRIT OF MANDEMUS or WRIT OF PROHIBITION TO HAVE DEFENDANT

FARBER PERMANANTLY REMOVE THE DISCRIMINATORY HOLD ON PLAINTIFF GARDNER'S RECORD, ENTER A SUBPOENA FOR ANY AND ALL RECORDS WITH ALL CONTENT HELD WITH INFORMATION ON DEFENDANT GARDNER AND HIS BUSINESSES OR NAME LIKENESSES FROM ALL OFFICES OF UIUC AND WITH UIUC PD, GRANT PUNITIVE AND COMPENSATORY DAMAGES AS FOLLOW:

B. As compensatory damages, the sum of $100,000 and ;

C. As punitive damages the sum of $100,000 based on but not limited to the following ;

D. **Trespassing/Trespass, without a lawful, correct, and complete 4th amendment warrant**: $200,000.00 lawful US Dollars, per occurrence, per officer, or agent involved.

E. **Violation of Right to Due Process, Violation of the Right of Freedom of Speech, Conspiracy, Aiding and Abetting, Racketeering, or Abuse of Authority** as per Title 18 U.S.C.A., §241 and §242, or definitions contained herein: $200,000.00 lawful US Dollars, per occurrence, per officer, or agent involved.

F. **Unfounded Accusations by Officers of the Court, or Unlawful Determination**: $200,000.00 lawful US Dollars, per occurrence, per officer, or agent involved.

G. **Denial and/or Abuse of Due Process:** $200,000.00 lawful US Dollars, per occurrence, per officer, or agent involved.

H. **Obstruction of Justice**: $200,000.00 lawful US Dollars, per occurrence, per officer, or agent involved.

I. **Violation of Rights**: $200,000.00 Dollars, per occurrence, per officer, or agent involved.

J. **Destruction, Deprivation, Concealment, Defacing, Alteration, or Theft, of Property**, including genetic, spiritual, or intellectual property, buildings, structures, financial accounts, funds, work energy, and other properties belonging to the Natural Man or Secured Party will incur a penalty of total of $200,000.

K. Officers' knowing consent and admission of perpetrating known acts by your continued enterprise is a violation of constitutional rights. Recorded in the Cook County recorder of Deeds are these **Statute Staple Securities Instrument which** exhausts all state maritime Article 1 administrative jurisdictions and protects my Article III court remedies including but not limited to Title 42 U.S.C.A, Title 18 U.S.C.A., Title 28 U.S.C.A., and Title 18 U.S.C.,§ 242.

L.  All attorneys' fees incurred in prosecuting this action pursuant to 42 USC 1988.

M. The right to amend this complaint is warranted by further evidence and fact finding;

N.  And other relief as to the court seems proper.

Of the People, By the People, for the People,

*Miykael Muhammad*
Miykael Muhammad ex Rel
Michael Gardner

3127 S. Indiana Ave

Chicago, IL 60616
(312) 371-7499